# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

DEBRA LAKES                                                                                    PLAINTIFF

v.                                      NO. 3:11CV00076 HDY

MICHAEL J. ASTRUE,                                                                          DEFENDANT
Commissioner of the Social
Security Administration


<u>MEMORANDUM OPINION AND ORDER</u>


<u>BACKGROUND</u>. Plaintiff Debra Lakes ("Lakes") commenced the administrative

portion of this case by filing applications for disability insurance benefits and

supplemental security income benefits pursuant to the Social Security Act ("Act"). Her

applications were denied initially and upon reconsideration, after which she requested,

and received, a <u>de novo</u> hearing before an Administrative Law Judge ("ALJ"). He issued

a decision adverse to her, and she appealed. The Appeals Council granted her request for

review, vacated his decision, and remanded the case for additional consideration. Upon

remand, the ALJ again issued a decision adverse to Lakes, and she appealed. The Appeals

Council affirmed his second decision, which became the final decision of the

Commissioner of the Social Security Administration ("Commissioner"). Lakes then

commenced the judicial portion of this case by filing a complaint pursuant to 42 U.S.C.

405(g). In the complaint, she challenged the Commissioner's final decision.

STANDARD OF REVIEW. The sole inquiry for the Court is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. It requires the Court to consider the weight of the evidence in the record and apply a balancing test to evidence which is contrary. See Heino v. Astrue, 578 F.3d 873 (8th Cir. 2009).

THE ALJ'S FINDINGS IN HIS SECOND DECISION. In the ALJ's second decision, he made findings pursuant to the five step sequential evaluation process. At step one, he found that Lakes has not engaged in substantial gainful activity since July 12, 2004, the alleged onset date. In so finding, he found the following:

> [Lakes] worked after the established disability onset date but this work activity did not rise to the level of substantial gainful activity. [She] testified that she worked as a substitute teacher in 2006 for the entire academic year and again in 2008. [She] also stated that she worked at a department store. [Her] earnings after her alleged onset date did not amount to substantial gainful activity; however, the [ALJ] finds the fact that [Lakes] has regularly worked after her alleged onset date is one factor that undermines [her] credibility that she has been unable to work at every exertional level since her alleged onset date due to physical limitations.

See Transcript at 24-25. At step two, the ALJ found that Lakes has the following severe impairments: lower back pain, muscle spasm, and bilateral knee pain. At step three, he found that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in, the governing regulations. He then assessed her residual functional capacity and found that she can perform a reduced range of sedentary work, which included occasional stooping. At step four, he found that she is unable to perform her past relevant work. At step five, he found the following:

-2-

In determining whether a successful adjustment to other work can be made, the undersigned must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's specific vocational profile (SSR 83-11). When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decisionmaking (SSR 85-15).

The vocational expert was asked if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and residual functional capacity as [Lakes]. The vocational expert responded in the affirmative and testified that representative occupations such an individual could perform include: automatic machine operators (sedentary, unskilled) and machine feeders (sedentary, unskilled). [The vocational expert] testified that there were approximately 1,300 in Arkansas, 300 in Memphis, 500 in Dallas, and 97,000 nationally of these types of jobs.

See Transcript at 30. In light of the vocational expert's testimony, the ALJ concluded that

Lakes was not under a disability as defined by the Act at any time from July 12, 2004,

though the date of his decision.

THE APPEALS COUNCIL'S REVIEW OF THE ALJ'S SECOND DECISION. The Appeals

Council granted Lakes' subsequent request for review to correct the ALJ's reference to

204.00 of the Medical-Vocational Guidelines ("Guidelines") in his second decision. As to

that issue, the Appeals Council found the following:

> The regulations provide for a sequential evaluation process in determining whether a claimant is disabled … The Appeals Council agrees with the [ALJ's] findings under steps 1, 2, 3, and 4 of the sequential evaluation; namely, that [Lakes] has not engaged in substantial gainful activity since July 12, 2004, that [she] has severe impairments which do not meet or equal in severity an impairment in the Listing of Impairments, and that she is not capable of performing past relevant work.
>
> …
>
> The [second] decision ultimately found that [Lakes] remains capable of performing other jobs in the national economy, and is therefore "not disabled." In reaching this conclusion, however, the decision cited Section 204.00 of the Medical-Vocational Guidelines as a framework in finding that [she] is "not disabled." The Appeals Council adopts the [ALJ's] conclusion that [she] is "not disabled." However, the Appeals Council notes that Section 204.00 contemplates a residual functional capacity for the full range of work at all exertional levels, which is inconsistent with a residual functional capacity for a reduced range of sedentary work.
>
> In light of [Lake's] age, education, past relevant work, and residual functional capacity, the Appeal Council applies the framework of Medical-Vocational Rule 201.28, Table 2, Appendix 2, Subpart P, Regulations No. 4 to find that [she] is "not disabled." … Accordingly, the Appeals Council affirms the conclusion that [she] is capable of performing a significant number of jobs in the national economy and is therefore "not disabled."

See Transcript at 10-11.

LAKES' ASSERTION OF ERROR. Are the ALJ's findings supported by substantial evidence on the record as a whole? Lakes thinks not and advances two reasons why, only one of which has merit. She maintains that the ALJ erred in discounting the opinion of Dr. Patricia Knott ("Knott"), a consultative physician who opined that Lakes cannot stoop even occasionally. In connection with that assertion, Lakes challenges the ALJ's finding regarding her work activity after the alleged onset date.

-4-

THE ALJ'S TREATMENT OF KNOTT'S OPINION. Lakes maintains that the ALJ erred in discounting Knott's opinion as to Lakes' ability to stoop. Lakes maintains that the ALJ discounted that portion of Knott's opinion and instead substituted his own opinion as to Lakes' ability to stoop.

The weight to be given a consulting physician's opinions is not as great as that of a treating physician. The consulting physician's opinions are to be given limited weight. See Anderson v. Heckler, 738 F.2d 959 (8th Cir. 1984).

The record reflects that Knotts performed orthopedic evaluations of Lakes at the ALJ's request on two separate occasions. See Transcript at 187-190(B); 210-215. Both times, Knotts opined, inter alia, that Lakes can not stoop even occasionally. See Transcript at 190(A), 215. The ALJ considered that portion of Knotts' opinion in assessing Lakes' residual functional capacity and found the following:

> The undersigned has taken the opinion of … Knott into consideration and finds that it is generally consistent with the record as a whole. However, the [ALJ] finds the opinion of … Knotts regarding [Lakes'] inability to stoop even on an occasional basis inconsistent with the record as a whole. The opinion appears to be based on an uncritical acceptance of [Lakes'] subjective statements concerning her inability to perform such postural activities. The undersigned also finds that it is inconsistent with [her] work activities since her alleged onset date of disability. [Her] ability to perform a medium level job for the entire academic year of 2006 and again in 2008 indicates that she is capable of at least occasional stooping. The [ALJ] notes that Social Security Ruling 96-9 states that a restriction to occasional stooping will only minimally erode the unskilled occupational base of sedentary work.

See Transcript at 28.

Substantial evidence on the record as a whole does not support the ALJ's treatment of Knott's opinion as to Lakes' ability to stoop.[1] As the Court noted, he discounted that portion of Knott's opinion for three reasons. First, he discounted it because it was "inconsistent with the record as a whole." <u>See</u> Transcript at 28. The ALJ failed, however, to specifically identify the evidence in the record that contradicted that portion of her opinion and failed to specifically identify the evidence in the record that supported his finding that Lakes is capable of "at least occasional stooping." <u>See</u> Transcript at 28. If anything, the record tends to support Knott's opinion as to Lakes' ability to stoop. For instance, Dr. Roger Cagle performed a general physical examination of Lakes and opined, <u>inter alia</u>, that she cannot "squat and arise <u>from</u> a squatting position." <u>See</u> Transcript at 170. [Emphasis in original].

Second, the ALJ discounted Knott's opinion as to Lakes' ability to stoop because it appeared to be based on an "uncritical acceptance of [her] subjective statements concerning her inability to perform such postural activities." <u>See</u> Transcript at 28. It is not clear, though, how the ALJ came to make that finding. As the Court noted, Knotts performed orthopedic evaluations of Lakes on two separate occasions. On both occasions, Knotts actually examined Lakes and made findings based on observations during the examinations. <u>See</u> Transcript at 188-189, 211-212.

---

[1]

The question of whether Lakes can stoop is important because "[a] <u>complete</u> inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply, but restriction to occasional stopping should, by itself, only minimally erode the unskilled occupational base of sedentary work." <u>See</u> Social Security Ruling 96-9p. [Emphasis in original].

Last, the ALJ discounted Knott's opinion as to Lakes' ability to stoop because it was "inconsistent with [her] work activities since her alleged onset date of disability." See Transcript at 28. The ALJ found that Lakes "regularly worked after her alleged onset date." See Transcript at 24. His finding appears to have been based primarily upon his characterization of her testimony, that being, "[she] testified that she worked as a substitute teacher in 2006 for the entire academic year and again in 2008." See Transcript at 24. He found that her ability to perform a "medium level job for the entire academic year of 2006 and again in 2008 indicates that she is capable of at least occasional stooping." See Transcript at 28. The record, though, belies the ALJ's characterization of Lakes' testimony and his finding as to her work record. Although she did testify that she worked as a substitute teacher during the 2006 and 2007 academic years, see Transcript at 221-223, she did not testify that she worked as a substitute teacher for the entire 2006 academic year and again in 2008. With regard to her work record, it reflects that her work as a substitute teacher was minimal at best as she earned a mere $782.82 in 2006, $395.50 in 2007, and does not appear to have earned anything in 2008. See Transcript at 88. Thus, there is no basis for the ALJ's finding that Lakes' work record indicates that she is capable of at least occasional stooping.

Although Knott's opinion as to Lakes' ability to stoop is to be accorded only limited weight, the ALJ did not offer legitimate reasons for discounting that portion of her opinion. A remand is therefore warranted. Upon remand, the ALJ shall reconsider that portion of Knott's opinion.

CONCLUSION. The Commissioner's decision is reversed, and this proceeding is remanded. This remand is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991). Judgment will be entered for Lakes.

IT IS SO ORDERED this ___3___ day of January, 2012.


_____
UNITED STATES MAGISTRATE JUDGE